**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ALIK ARUTYUNYAN, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-2418-SLP |
| | ) | |
| FRED FIGUEROA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**O R D E R**

Petitioner, Alik Arutyunyan, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Before the Court is Respondents' Response to Order to Show Cause [Doc. No. 9]; *see also* Petitioner's Reply [Doc. No. 10]. This case is representative of the multitude of cases filed nationwide in which courts have been called upon to interpret whether the detention of similarly situated immigration detainees is governed by the mandatory detention scheme of § 1225(b)(2)(a) or the permissive detention scheme of 8 U.S.C. § 1226(a). The Tenth Circuit has determined that § 1226(a) governs. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1240 (10th Cir. 2026).[1] And while Petitioner asserts that he was arrested without a warrant pursuant to § 1226(a) and therefore is subject to immediate release, Respondents have provided the warrant that was

[1] Only two circuits – the Fifth and Eighth – have held that the mandatory detention scheme under § 1225(b)(2) governs. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Herrera Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). On October 1, the U.S. Supreme Court granted certiorari in *Barbosa da Cunha v. Freden,* 175 F.4th 61 (2d Cir. 2026) to resolve the circuit split. *See id.*, *cert. granted sub nom. Rhoney v. Barbosa da Cunha*, No. 26-104, 2026 WL 2942994 (U.S. Oct. 1, 2026).

served on Petitioner upon his detention. [Doc. No. 9-1]. Further, Petitioner concedes that he has already received a bond hearing pursuant to § 1226(a). *See* [Doc. No. 1] at 4 (At a custody redetermination hearing on August 12, 2026, the IJ found that Petitioner was not a danger. The IJ nevertheless denied bond of any amount, reasoning that "[Petitioner is a flight risk].").

Accordingly, the Court DENIES the Petition [Doc. No. 1] as Petitioner was served with a warrant upon being detained and has already received a bond hearing pursuant to § 1226(a).[2]

A separate judgment shall be entered.

IT IS SO ORDERED this 26th day of October, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**

[2] Although Petitioner also seeks release alleging a due process violation, this Court has found that the remedy for a due process violation is a bond hearing and not release. *Rodriguez-Navarrete v. Mullin, et al.*, No. CIV-26-224-SLP, 2026 WL 2323345 (W.D. Okla. Aug. 11, 2026). As set forth, Petitioner has already received a bond hearing.